FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPHINE G., | No. 2:25-CV-00330-ACE |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 18, 20** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 18, 20. Attorney Bryan Konoski represents Plaintiff; Special Assistant United States Attorney Benjamin J. Groebner represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits in June 2022, alleging a disability onset date of August 22, 2021. Tr. 186. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on August 23, 2024, Tr. 37-59, and issued an unfavorable

ORDER - 1

decision on August 30, 2024, Tr. 17-31.  At the hearing, the alleged onset date was amended to October 2, 2021.  Tr. 40-41.  The Appeals Council denied Plaintiff's request for review on June 25, 2025, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on August 28, 2025.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

ORDER - 2

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) Plaintiff can perform other substantial gainful activity; and (2) a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE FINDINGS**

On August 30, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-31.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through September 30, 2024, had not engaged in substantial gainful activity since the October 2, 2021 amended alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: myofascial pain syndrome, thoracolumbar degenerative disc disease, depressive disorder, anxiety disorder, and post-traumatic stress disorder. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

ORDER - 3

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a full range of light work, with the following limitations:

> [Plaintiff] can frequently climb ladders, ropes, and scaffolds, and frequently stoop, crouch, and crawl; she can frequently reach overhead with the left upper extremity; she cannot have concentrated exposure to vibration; and she can perform simple and detailed tasks, but not complex tasks.

Tr. 24.

At step four, the ALJ found there was insufficient information about Plaintiff's past work to make a determination.  Tr. 29.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of cashier II; fast food worker; and cleaner, housekeeping.  Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset date, October 2, 2021, through the date of the decision, August 30, 2024.  Tr. 30.

## ISSUES

The question before the Court is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff presents the following issue for review:  the Commissioner erred as a matter of law by improperly evaluating the medical opinion of the psychological consultative examiner, including by failing to incorporate limitations from a medical opinion the ALJ found to be persuasive and by failing to resolve an inconsistency in the medical opinion.  ECF No. 18 at 7, 9.

///

///

ORDER - 4

## DISCUSSION

Plaintiff argues the ALJ erred by improperly evaluating the medical opinion evidence.  ECF No. 18 at 11-18.  Plaintiff specifically contends the ALJ erred by (1) finding the opinion of Kimberly Chupurdia, Ph.D., "persuasive" but failing to account for her assessed limitations in the RFC determination; (2) failing to present a hypothetical to the vocational expert that included the limitations specifically assessed by Dr. Chupurdia; and (3) failing to resolve an inconsistency within Dr. Chupurdia's mental evaluation report.  ECF No. 18 at 11-18.

**A.    Dr. Chupurdia's Opinions**

Plaintiff first contends the ALJ erred by finding the opinion of Dr. Chupurdia "persuasive" but failing to account for Dr. Chupurdia's assessed limitations in the RFC determination.  ECF No. 18 at 11-15.

Dr. Chupurdia evaluated Plaintiff on August 11, 2023.  Tr. 884-888.  Dr. Chupurdia noted that Plaintiff was well-groomed, dressed appropriately and cooperative; her affect was congruent with her stated mood, her speech was normal and her thought process was goal-directed; and there was no evidence of psychomotor agitation or retardation.  Tr. 886.  Dr. Chupurdia opined Plaintiff appears to have the clear ability to reason and understand, she does have some adaptation skills, her memory may have been impacted by the fact that English is her second language and this is not her country of origin, remote memory is moderately impaired, recent memory is within normal limits, and immediate memory is mildly impaired.  Tr. 888.  Dr. Chupurdia found Plaintiff's sustained concentration and persistence were adequate, her ability to interact with co-workers and the public is likely not impaired, her ability to maintain regular attendance in the workplace is mildly impaired due to her mood symptoms and a tendency to isolate herself from others, her ability to complete a normal work day or work week without interruption from mood symptoms is likely moderately

///

ORDER - 5

impaired, and her ability to deal with the usual stress encountered in the workplace is mildly impaired if it involves being around other individuals.  Tr. 888.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The ALJ determined the opinions of Dr. Chupurdia were persuasive.  Tr. 29. The ALJ noted Dr. Chupurdia's report was supported with an interview, review of

ORDER - 6

the Plaintiff's medical history, a mental status exam, and her own exam findings and was generally consistent with the claimant's full longitudinal record, including findings that Plaintiff's mental health impairments have no more than a moderate effect on her ability to perform mental work-related activities, as demonstrated by findings on her mental status exams.  Tr. 29.

Plaintiff does not challenge the ALJ's determination that this evidence was persuasive.  Instead, Plaintiff argues the ALJ was required to incorporate in the RFC determination[1] Dr. Chupurdia's noted functional limitations, including a "moderate" limitation in Plaintiff's ability to complete a normal work day or work week without interruption from mood symptoms.  ECF No. 18 at 12-14.

The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC, *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015), and the ALJ is not required to match or mirror the opinion of any particular medical source, *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010); *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (holding that substantial evidence supported the ALJ's RFC determination because the limitations included in the RFC were "consistent with"—albeit not identical to—the examining therapist's opinion); *Petrini v. Berryhill*, 705 F.App'x 511, 512 (9th Cir. 2017) (explaining an ALJ may properly translate medical opinions, even though the RFC finding did not mirror the language of their opinions); *Sarah A. H. v. Comm'r of Soc. Sec.*, 2025 WL 1550619 at *5 (W.D. Wash. June 2, 2025) (finding an ALJ may incorporate a physician's opinions in the RFC by assessing limitations consistent with, but not identical to limitations assessed by the physician).

///

---

[1]Residual functional capacity is defined as "the most you can still do despite your limitations."  20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a).

ORDER - 7

Because the ALJ found Dr. Chupurdia's opinion persuasive, the ALJ was required to account for Dr. Chupurdia's opined limitations in the residual functional capacity or provide an explanation as to why he did not accept them. *See Carol L. P. v. Comm'r of Soc. Sec.*, 2021 WL 12177080 at *4 (W.D. Wash. Sept. 1, 2021) (finding an ALJ erred when the ALJ found a doctor's opinion mostly persuasive but did not include all the limitations contained therein in the RFC and did not explain why such limitations were not included). Although the ALJ was not required to adopt verbatim every limitation expressed by Dr. Chupurdia, the Court finds the ALJ's ultimate RFC determination, which only limited Plaintiff to work involving "simple and detailed tasks, but not complex tasks," does not reflect the limitations assessed by Dr. Chupurdia. *See infra*.

Defendant cites to *Stubbs-Danielson* and argues that a restriction to simple and detailed, but not complex, tasks properly accounted for the limitations assessed by Dr. Chupurdia. ECF No. 20 at 7-9 citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-1176 (9th Cir. 2008) (a limitation to "simple tasks" captures moderate limitations in several mental functional areas). However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623 at *20 (N.D. Cal. Jan. 3, 2018).

There is ample case law holding that a mild to moderate limitation to maintaining attendance and completing a normal workday/workweek without interruptions from psychiatric conditions can be a substantial limitation and functional restrictions on the complexity of tasks does not address attendance and supervision restrictions. *See e.g. Bastiaans v. Comm'r of Soc. Sec.*, 2026 WL 143183 at *5 (E.D. Cal. Jan. 20, 2026); *Phounsavath v. Comm'r of Soc. Sec.*, 2025 WL 719297 at *7 (E.D. Cal. Mar. 6, 2025) (finding RFC limiting plaintiff to simple, routine tasks with only occasional public contact, occasional tasks that

ORDER - 8

require teamwork, no quota-driven work, and working mainly with objects and not people, did not account for findings of moderate limitations in plaintiff's ability to complete a normal workday/work week and deal with stress and changes encountered in the workplace); *Lamar v. Comm'r of Soc. Sec.*, 2025 WL 318294 at *4 (E.D. Cal. Jan. 28, 2025) (concluding limitation to simple, routine work and other limitations imposed in the RFC – in the areas of concentration, persistence, or pace, and the ability to deal with routine changes and respond to supervision, coworkers, and work situations – did not fully account for whether plaintiff had the ability to regularly attend work and complete a full day without interruptions from his mental impairments); *Gowan v. Comm'r of Soc. Sec.*, 2024 WL 3372470 at *3 (E.D. Cal. July 11, 2024) (citing *de los Santos v. Kijakazi*, 2022 WL 1541464 at *6 (E.D. Cal. May 16, 2022) (holding "[t]he case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance"); *Peerzay v. Comm'r of Soc. Sec.*, 2025 WL 915574 at *5-7 (E.D. Cal. Mar. 26, 2024) (rejecting argument that limitation to simple work adequately accounted for moderate limitations on attendance or completion of a workday/workweek); *Slover v. Kijakazi*, 2023 WL 548841 at *4 (E.D. Cal. Aug. 24, 2023) (explaining that the weight of more recent case law tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress); *Millsap v. Kijakazi*, 2023 WL 4534341 at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found persuasive, including ability to complete a normal workday or workweek); *Macias v. Saul*, 2021 WL 856423 at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Berenisia Madrigal v. Saul*, 2020 WL 58289 at *5-6 (E.D. Cal. Jan. 6, 2020) (finding a restriction to simple, routine tasks

ORDER - 9

does not account for assessed limitations in ability to complete a normal workday or workweek without interruptions from psychiatric conditions and the ability to deal with stress or changes encountered in the workplace); *Donna M. v. Saul*, 2020 WL 6415601 at *4  (N.D. Cal. Nov. 2, 2020) (collecting cases and finding that limitation to simple, routine tasks with no public interaction in RFC failed to address other moderate limitations, such as plaintiff's ability to relate to and interact with coworkers, associate with day-to-day work activity, maintain regular attendance in the workplace and perform work activities on a consistent basis, and perform work activities without special or additional supervision); *Sahyoun v. Saul*, 2020 WL 1492661 at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work involving simple and repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from psychiatric condition, and handling work-related stress); *Raymond v. Berryhill*, 2018 WL 3691842 at *6 (C.D. Cal. Aug. 2, 2018) (holding restriction to unskilled work did not sufficiently account for "moderate limitations in performing routine work duties and maintaining consistent attendance in the workplace"); *Wiles v. Berryhill*, 2017 WL 5186333 at *3 (C.D. Cal. Nov. 8, 2017) (finding limitation to "simple routine tasks with limited public contact" did not account for moderate limitations, including "maintaining regular attendance and completing a normal workday without interruption").

After a review of the case law, the Court agrees with the approach of Magistrate Judge Helena M. Barch-Kuchta in the Eastern District of California:

> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption. The district court

ORDER - 10

> case law in support of Defendant's position is sparser and more outdated. The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.

*Phounsavath*, 2025 WL 719297 at *6-7.

Based on the foregoing, the Court concludes that the ALJ erred by accepting Dr. Chupurdia's opinion but excluding from the RFC, without explanation, the limitations assessed by Dr. Chupurdia.[2]  This error was harmful because it resulted in an RFC determination that did not account for all of Plaintiff's assessed limitations.  Plaintiff is entitled to a remand on this issue.

**B.    Vocational Expert Testimony**

Plaintiff next asserts the ALJ erred by failing to present a hypothetical to the vocational expert that included the specific limitations assessed by Dr. Chupurdia. ECF No. 18 at 15-16.

At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations."  *Osenbrock v.*

---

[2]The ALJ's RFC determination omits Dr. Chupurdia's assessed functional restrictions, including a moderate limitation in Plaintiff's ability to complete a normal work day or work week without interruption from mood symptoms.  Tr. 888.

ORDER - 11

*Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.  The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant.  *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

As discussed in Section A, above, the ALJ's RFC determination failed to reflect the functional limitations assessed by Dr. Chupurdia, including a moderate limitation in Plaintiff's ability to complete a normal work day or work week without interruption from mood symptoms, and was thus not supported by substantial evidence.  *See supra*.  Because the hypothetical posed to the vocational expert and relied upon by the ALJ was based on an erroneous RFC determination, the ALJ's step five determination is flawed and must be revisited on remand as well.

**C.    Internal Inconsistency**

Plaintiff additionally argues the ALJ erred by failing to resolve an apparent internal inconsistency in Dr. Chupurdia's report.  ECF No. 18 at 16-18.  Plaintiff specifically asserts Dr. Chupurdia found Plaintiff's "ability to interact with co-workers and the public is likely not impaired," yet also stated that Plaintiff's "ability to deal with the usual stress encountered in the workplace is mildly impaired if it involves being around other individuals."  Tr. 888.  Plaintiff asserts that these two statements create an inconsistency within Dr. Chupurdia's report that the ALJ must resolve on remand.  ECF No. 18 at 16-18.

Given this matter must be remanded to address the errors noted in Sections A and B, above, the Court finds, without discussion, that the ALJ shall also be

ORDER - 12

directed to reevaluate and reweigh this examining medical professional's opinion in its entirety, including the statements noted by Plaintiff.

## CONCLUSION

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ will be instructed to perform the sequential analysis anew. The ALJ shall reevaluate Plaintiff's RFC, taking into consideration the functional limitations identified in Dr. Chupurdia's August 11, 2023 mental evaluation report of Plaintiff, Tr. 884-888, and any other medical opinion evidence or testimony relevant to Plaintiff's functioning. As stated in the body of this order, the ALJ shall reevaluate and reweigh Dr. Chupurdia's opinion in its entirety, including Dr. Chupurdia's findings that Plaintiff's "ability to interact with co-workers and the public is likely not impaired," and that Plaintiff's "ability to deal with the usual stress encountered in the workplace is mildly impaired if it involves being around other individuals." Tr. 888. The ALJ shall also obtain supplemental vocational expert testimony and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's motion to remand, **ECF No. 18**, is **GRANTED**.

2.    Defendant's motion to affirm, **ECF No. 20**, is **DENIED**.

3.    The Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

ORDER - 13

4.　　An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED June 15, 2026.



_____

ALEXANDER C. EKSTROM

UNITED STATES MAGISTRATE JUDGE

ORDER - 14